UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK, *National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust*,<br><br>Plaintiff,<br><br>v.<br><br>JUDY K LANGLEY-MILLER, et al.,<br><br>Defendants. | No. 1:22-cv-00798-DAD-SKO<br><br>ORDER *SUA SPONTE* REMANDING CASE TO TULARE COUNTY SUPERIOR COURT AND DENYING MOTIONS TO PROCEED *IN FORMA PAUPERIS* AS MOOT<br><br>(Doc. Nos. 3, 4) |

      This is an unlawful detainer action brought under California state law by plaintiff U.S. Bank, National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust ("U.S. Bank" or "plaintiff") against defendants Judy K Langley-Miller, Rebeca Albain, Anthony Ravall, Lyndon Pita, and Daniel Damiano.  On June 29, 2022, defendants Langley-Miller and Albain ("defendants"), proceeding *pro se*, removed this case to this federal court from the Tulare County Superior Court.  (Doc. No. 1.)  According to defendants, removal is proper because plaintiff unlawfully foreclosed on their residential property in violation of their due process rights.  (*Id.* at 4.)  Defendants also assert that removal is proper because this unlawful detainer action has complete diversity of citizenship and the residential property at issue "exceeds the jurisdiction prerequisite of $75,000."  (*Id.* at 3.)  Also on June 29, 2022, defendants filed motions to proceed *in forma pauperis*.  (Doc. Nos. 3, 4.)

1

A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). The removal statute, 28 U.S.C. § 1441, is strictly construed against removal jurisdiction. *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010). It is presumed that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Geographic Expeditions*, 599 F.3d at 1106–07. In addition, "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." *ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000). "The strong presumption against removal jurisdiction" means that "the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). That is, federal jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions*, 599 F.3d at 1107. "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 932 (9th Cir. 2001). Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary." *Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997); *see also California ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). Where it appears, as it does here, that the district court lacks subject matter jurisdiction over a removed case, "the case shall be remanded." 28 U.S.C. § 1447(c).

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000); *see also Dynegy*, 375 F.3d at 838. Under the well-pleaded complaint rule, courts look to what "necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything in anticipation of avoidance of defenses which it is thought the defendant may interpose." *California*, 215 F.3d at 1014. Accordingly, "a case may not be removed on the basis of a federal defense . . . even if the defense is anticipated in

the plaintiff's complaint and both parties concede that the federal defense is the only question truly at issue." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also Vaden v. Discover Bank*, 556 U.S. 49, 70 (2009) ("It does not suffice to show that a federal question lurks somewhere inside the parties' controversy, or that a defense or counterclaim would arise under federal law.").

In addition, federal courts may exercise "diversity jurisdiction" when the parties are in complete diversity, i.e. that citizenship of each plaintiff is different from that of each defendant, and the amount in controversy exceeds $75,000. *See Hunter*, 582 F.3d at 1043; *see also* 28 U.S.C. § 1332(a). "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2002). Where it is "not facially evident from the complaint that more than $75,000 is in controversy," defendants in the state action are required to prove, "by a preponderance of the evidence, that the amount in controversy [met] the jurisdictional threshold." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

Here, defendants have not shown that removal of this action to this federal court is appropriate. Plaintiff's complaint in this case is a straight-forward unlawful detainer action that is based entirely on state law. Moreover, as stated above, defendants assert that federal question jurisdiction exists based on a contemplated defense regarding defendants' due process rights. Even assuming defendants can assert such a defense, they cannot use that anticipated defense as the basis for removal because the defensive invocation of federal law cannot form the basis of this court's jurisdiction. *See Vaden*, 556 U.S. at 70; *Caterpillar*, 482 U.S. at 392; *California*, 215 F.3d at 1014.

Additionally, defendant does not properly invoke this court's diversity jurisdiction. For jurisdiction to be proper on this basis, there must be both complete diversity and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). Having reviewed defendants' notice of removal, the court concludes that defendants failed to provide facts necessary to establish the requisite amount in controversy by a preponderance of the evidence. *Valdez*, 372 F.3d at 1117. Notably, the complaint filed in the underlying unlawful detainer action unequivocally states that

the amount in controversy does not exceed $25,000.  (Doc. No. 1 at 14.)  When a state court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the party seeking removal must prove with "legal certainty" that the jurisdictional amount is met.  *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *see also Glassical Creations, Inc. v. Canter*, No. 15-cv-04358-MMM-PJW, 2015 WL 4127912, at *4 & n. 10 (C.D. Cal. July 7, 2015).  Moreover, even if diversity of citizenship exists, defendant cannot properly remove the action because defendants reside in the forum state.  (*See* Doc. No. 1 at 3); *see also* 28 U.S.C. § 1441(b)(2); *Duran v. Lepore*, No. 1:20-cv-01562-NONE-EPG, 2020 WL 6581117, at *2 (E.D. Cal. Nov. 10, 2020) (noting that "in removal cases where the purported basis of jurisdiction is diversity jurisdiction, removal is not permitted where a defendant is a citizen of the state in which the plaintiff originally brought the action (even if the opposing parties are citizens of different states)").

  Because there is no federal question appearing in plaintiff's complaint in this case and defendant has failed to establish diversity jurisdiction, defendant has failed to properly invoke this court's jurisdiction.  Remand of this case to the Tulare County Superior Court is appropriate and mandatory.  28 U.S.C. § 1447(c); *Geographic Expeditions*, 559 F.3d at 1107; *Bruns*, 122 F.3d at 1257.

  Accordingly,

1. This action is remanded forthwith to the Tulare County Superior Court, pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction;
2. Defendants' motions to proceed *in forma pauperis* (Doc. Nos. 3, 4) are denied as having been rendered moot by this order; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **August 1, 2022**

             UNITED STATES DISTRICT JUDGE